UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROY DAVID KING                                                                    PLAINTIFF

v.                          No. 5:16-CV-00079-SWW-JTR

NANCY A. BERRYHILL,[1]
**Acting Commissioner,**
**Social Security Administration**                                                 DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I.      Introduction**

Roy David King ("King") applied for social security disability benefits with an alleged onset date of May 15, 2005. (R. at 296). His claim was initially denied by the administrative law judge ("ALJ"). (R. at 198). The Appeals Council remanded

---

[1] Berryhill is now the Acting Commissioner and is automatically substituted as Defendant pursuant to Fed. R. Civ. P. 25(d).

1

for further proceedings. (R. at 203–04). After a second hearing, the ALJ again denied his applications. (R. at 61). The Appeals Council denied review. (R. at 556).

King appealed to the United States District Court for the Eastern District of Arkansas. (R. at 563–65). While the appeal was pending, the Commissioner moved to remand so that an ALJ could further evaluate King's obesity, residual functional capacity ("RFC") and past work. The Court granted the motion, remanding "for further administrative proceedings." (R. at 568–69). The Appeals Council then remanded the case to an ALJ to, *inter alia*, "further evaluate the nature and severity of the claimant's impairment of obesity in accordance with Social Security Ruling 02-1p." (R. at 572-73).

On December 11, 2015, the ALJ denied King's applications a third time. (R. at 464-79). Because King did not file exceptions to the ALJ's decision and the Appeals Council declined to review the decision on its own motion, the ALJ's decision became the Commissioner's final decision.[2] King has filed a Complaint (*Doc. 2*) appealing the Commissioner's decision to this Court.

---

[2]When a case is remanded by a federal court for further consideration, the ALJ's decision after that remand becomes the Commissioner's "final decision … unless the Appeals Council assumes jurisdiction of the case." 20 C.F.R. § 404.984(a) & (d), § 416.1484(a) & (d). The Appeals Council may assume jurisdiction: (1) if the claimant files exceptions disagreeing with the ALJ's decision; or (2) the Appeals Council decides, on its own motion, to review the decision. *Id.* § 404.984(b) & (c), § 416.1484(b) & (c).

For the reasons discussed below, the Court recommends that the Commissioner's decision be affirmed.

**II. Analysis**

**A. The Commissioner's Decision**

The ALJ found that King had the severe impairments of degenerative disk disease with radiculopathy, bilateral paresthesia, diabetes, hypertension, vertigo, and obesity. (R. at 470). The ALJ determined that these impairments left King with the RFC to perform light work, except that he: could occasionally work overhead; could not perform constant fingering or grasping; could not work around hazards such as unprotected heights or dangerous machinery; could not have concentrated exposure to temperature extremes, humidity, strong odors, dust, fumes, chemicals, or other pulmonary irritants; and could perform simple, routine tasks with occasional changes in a routine work setting. (R. at 472). The ALJ took testimony from a vocational expert ("VE") and determined that King could not return to his past relevant work but that he could successfully adjust to other jobs existing in significant numbers in the national economy, such as price marker or poultry picker. (R. at 477-78). The ALJ accepted this testimony from the VE and held that King was not disabled. (R. at 479).

**B. Discussion**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

King primarily argues that the ALJ failed to follow the Appeals Council's instructions, on remand, to evaluate King's obesity. This argument requires the Court to address whether an ALJ's failure to follow the instructions of the Appeals Council is reviewable on appeal.

In *Combs v. Berryhill*, No. 5:15-CV-00370 (E.D. Ark. Feb. 6, 2017), United States Magistrate Judge Beth Deere reviewed the decisions of other courts that have taken up this issue. Some of those courts have held that an ALJ's alleged failure to comply with the Appeals Council's directions on remand is a reviewable issue. *See, e.g., Godbey v. Colvin*, 2014 WL 4437647 (W.D. Ky. 2014); *Cabibi v. Colvin*, 50

F.Supp.3d 213, 229 (E.D.N.Y. 2014); *Salvati v. Astrue*, 2010 WL 546490, *7 (E.D. Tenn. 2010). Other courts have held that the question is an internal agency matter that is not reviewable. *See, e.g., Sanders v. Astrue*, 2013 WL 1282330, *11 (E.D. Mo. 2013) (the issue of the ALJ's alleged failure to follow earlier instructions of the Appeals Council is moot after the Appeals Council later declines to review the case, thereby accepting the ALJ's decision as its own); *see also Poyck v. Astrue*, 414 Fed. Appx. 859, 860–61 (7th Cir. 2011); *Dishman v. Astrue*, 2009 WL 2823653, *11 (E.D. Tenn. 2009). The Court of Appeals for the Eighth Circuit has not specifically addressed this question, but it has indicated that other non-final decisions of the Commissioner are *not* reviewable. *Efinchuk v. Astrue*, 480 F.3d 846, 848 (8th Cir. 2007).

Relying on *Efinchuk* and *Sanders,* Judge Deere held that an ALJ's alleged failure to comply with directions given by the Appeals Council in remanding a case, is not reviewable. *Combs*, No. 5:15-CV-00370 at *6. The Court also relied on 42 U.S.C. § 405(g), which only authorizes the courts to review *final* agency decisions. The undersigned Magistrate Judge agrees with Judge Deere's analysis and concludes that the ALJ's alleged failure to comply with the Appeals Council's directions to address King's obesity is an internal agency issue that became moot when the Appeals Council later *declined to review* the ALJ's allegedly "flawed" decision.

On the merits, King contends that, in determining his RFC, the ALJ failed to properly account for his obesity and the work-related limitations that it imposed on him.[3] As a result, King argues that the ALJ's decision is not supported by substantial evidence. Finally, King argues that the ALJ improperly relied on the VE's testimony that King's RFC would allow him to perform the job of poultry picker, testimony that the VE later recanted on cross-examination.

In evaluating King's obesity, the ALJ noted that King was 5 feet, 7 inches tall and weighed 240 pounds. This resulted in King having a body mass index ("BMI") of 37.59, which classified him with class 2 obesity. (R. at 475). The ALJ noted that obesity can adversely impact other impairments and result in an individual suffering greater limitations than those caused by the other impairments alone and stated that "[t]hese considerations have been taken into account in reaching the conclusions herein." (R. at 475). This led the ALJ to find that obesity was one of King's severe impairments. (R. at 470).

King points to no medical opinion establishing that his obesity results in greater impairments than those identified by the ALJ in his determination of King's RFC. The record itself contains only general advice from one of King's providers to

---

[3]Of course, a claimant can still argue that the ALJ's alleged failure to comply with the directions of the Appeals Council, in remanding the case, is relevant to one of the claimant's substantive grounds for seeking to reverse the ALJ's decision. Thus, in this case, the Court has considered King's argument to the extent it may be relevant to whether the ALJ properly evaluated King's obesity in arriving at his RFC.

lose weight and reduce his BMI. (*See, e.g.,* R. at 761, 763, 769, 815–16, 817, 825, 829). No physician ever imposed any physical limitations on King related to his obesity. King has not explained what the ALJ allegedly missed in his consideration of King's obesity or how the ALJ's RFC determination should have changed to better account for King's obesity. *See Robson v. Astrue*, 526 F.3d 389, 393 (8th Cir. 2008) (finding no error where an ALJ did not include obesity in a hypothetical to a VE and the plaintiff did not explain how including obesity would have changed the hypothetical). Thus, the Court concludes that the ALJ properly considered and accounted for King's obesity in arriving at his RFC.

Next, King argues that the ALJ erred in listing poultry picker as an occupation that he could perform. In responding to the ALJ's question, the VE testified that King's RFC allowed him to work as a poultry picker. (R. at 521). However, on cross-examination, the VE acknowledged that the limitations associated with King's RFC would *not* allow him to perform that job. (R. at 529). Thus, in his decision, the ALJ should *not* have identified poultry picker as a job that King could perform.

This mistake by the ALJ is at most a harmless error because the VE went on to testify that King's RFC *also* allowed him to perform the job of price marker. Thus, even if the ALJ had properly excluded the job of poultry picker, he still would have held that King was *not* disabled because his RFC allowed him to perform the job of

price marker. Because this was a harmless error, it does not warrant reversal of the ALJ's decision. *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012).

## III. Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales,*, 402 U.S. 389, 401 (1971). The Court further concludes that the ALJ's decision is not based on reversible error.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that the case be DISMISSED, with prejudice.

DATED this 24th day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE